## NEGLIGENCE OF A SAVINGS BANK IN PAYING OUT A DEPOSIT.

[Circuit Court of Cuyahoga County.]

THE HOUGH AVENUE SAVINGS & BANKING COMPANY v. JAKOL ANDERSSON.

Decided, October 29, 1906.

*Banks and Banking—Deposit in Savings Bank Paid Out on Forged Order—Negligence in Failing to Examine Signature—Reasonable Rules as to Payments to Depositors.*

A savings bank which has paid out all of a deposit on a forged order, accompanied by a stolen pass-book, is liable to the depositor for the amount thus paid out, if the forged signature varied from the real signature on a signature card and the bank neglected to compare said signatures.

WINCH, J.; MARVIN, J., concurs.

In this case, plaintiff below, who is defendant in error in this court, brought suit to recover from the bank the amount of his savings deposit therein, which had been paid by the bank to a person who had stolen the defendant's pass-book and presented it to the bank with a forged order for the payment of the entire deposit to him.

One of the rules of the bank, as regards savings deposits, is as follows:

"Deposits may be withdrawn by the depositor in person, or by written order; but in either case the pass-book must be presented, that such payments may be duly entered therein. As the officers of the company may be unable to identify every depositor, the company will not be responsible for loss sustained where a depositor has not given notice of his or her book being stolen or lost, if such book be paid in whole or in part, on presentation. In all cases, a payment upon presentation of a deposit book shall be a discharge to the company for the amount so paid."

To this rule the depositor had assented by signing a signature card on which appeared above his signature the following words:

"In signing this card I hereby agree to conform to and abide by the by-laws, rules and regulations of the Hough Avenue Savings & Banking Co., Cleveland, governing savings depositors."

The depositor signed his name "Jacob Andersson," with two "s s" in his last name. The forged order bore the name "Jacob Anderson" with only one "s" in the last name.

The signature card of the depositor was on file at the bank when the order was presented, but the teller of the bank did not compare the signature on the order with that on the card.

The bank contended on the trial it was relieved of liability to the depositor by reason of said rule or by-law, and that in any event, it had been guilty of no negligence in the payment of said order, the pass-book being presented with it by a person known to it by reason of his having had two or three good checks cashed at the bank.

The rules applicable to the case here presented are well stated in 2 Morse on Banking, Section 620, and are abundantly supported by the adjudicated cases.  Says Morse:

"The regulations of a savings bank for withdrawing deposits, if properly made known to the depositor, are part of the contract between him and the bank.  They are intended for the protection of bank and depositor against fraud and forgery.

"One of the commonest rules is, that the bank book must be produced in order to draw the deposit, and that production of the book shall be authority to the bank to pay the person producing it.  This is regarded as a reasonable and binding regulation, and if the bank pay to one having the book, there being no circumstances to excite suspicion and base an imputation of negligence on the part of the bank, the payment is good.

"But the bank must exercise reasonable care.  A stipulation between a savings bank and a depositor that his deposit may be paid to any one presenting his book, does not relieve the bank from the duty of exercising good faith and reasonable care."

The trial judge applied the law thus stated, and in his charge told the jury that there was but one issue for it to determine—if they found that the signature to the order was forged then they must decide:

"Was the defendant company negligent and careless, and did it fail to exercise due care and caution when it paid out the money?"

The jury determined this question in the affirmative and brought in a verdict for the plaintiff. In this we think the jury was right. It appears to us that it was negligence on the part of the bank teller to pay the order without comparing the signature thereon with the depositor's genuine signature on the card. Had he done so, he would have noticed the difference in the spelling of the last name. This should have aroused his suspicions and doubtless the mistake would have been avoided.

The loss in this case properly falls upon the bank by reason of its negligence, notwithstanding its rule, which we hold to be a reasonable one. We have examined all errors complained of, but find none to the prejudice of the plaintiff in error.

Judgment affirmed.

*White, Johnson, McCaslin & Cannon*, for plaintiff in error.

*H. J. Nord*, for defendant in error.